## *In re* FRYE'S ESTATE.

*(Supreme Court, Special Term, Monroe County. October 26, 1892.)*

1. ABSENCE OF SURROGATE—APPOINTMENT OF SPECIAL SURROGATE.
    The temporary absence of the surrogate on his annual vacation, leaving instructions with his clerk not to disclose his whereabouts, is within Code Civil Proc. §§ 2484, 2487, which authorize the appointment by a justice of the supreme court of the special surrogate or the special county judge to perform the duties of the surrogate when he is disabled to perform them "by reason of absence, sickness, or lunacy."

2. SAME.
    Laws 1892, c. 525, which provides that the surrogate "may" sign decrees, letters testamentary, of administration, and guardianship, and orders, during his vacation, wherever he may be within the state, is permissive merely, and does not prevent such appointment of a provisional surrogate, when the surrogate is not easily accessible or his exact whereabouts is unknown.

At chambers. Proceeding for the administration of the estate of Elmer E. Frye, deceased. A creditor of decedent moves to vacate an order of Mr. Justice MACOMBER, dated August 12, 1892, designating and authorizing Hon. JOHN F. KINNEY, special county judge of Monroe county, to discharge the duties of surrogate of that county, in the proceeding, during the absence of the surrogate from the county. Denied.

*George D. Forsyth*, for the motion. *George A. Cannahan*, opposed.

ADAMS, J. The only question which can properly be considered upon this application involves a construction of those provisions of the Code of Civil Procedure which are designed to afford to parties having occasion to institute proceedings in the surrogate court an opportunity to do so during the temporary absence of the surrogate. The question as to whether or not the petitioner, Alvord, is a creditor of the decedent, is one to be determined by the surrogate, and cannot be raised here. Section 2484 of the Code provides, among other things, that in any county where, by reason of absence, sickness, or lunacy, the surrogate of such county is disabled from the performance of the duties of his office, the same may be performed by the special surrogate, if there be one, and, if not, then by the special county judge of the county.

By section 2487, as amended in 1887, it is provided that the fact that a surrogate is so disqualified and the authority of the officer to act in his place may be proved and are deemed conclusively established by an order of a justice of the supreme court of the district embracing the county in which the surrogate resides and performs his official functions. At the time this proceeding was instituted, in the month of August last, the surrogate of Monroe county was spending his annual vacation at Fire Island beach, a point nearly 400 miles distant from the city of Rochester. While thus absent, the creditor Alvord found it convenient to apply for letters of administration upon the estate of the decedent, and by his duly-authorized attorney made an attempt to find the surrogate. To this end his attorney called at the surrogate's office, which had been left in charge of the clerk, where he was informed that the surrogate was taking his vacation and was absent from the county. The precise information imparted by Mr. Keifer, the surrogate's clerk, is a matter of dispute, but it is sufficient for the purpose of this motion to say that the whereabouts of the surrogate was not disclosed; the attorney being informed by Mr. Kiefer that he was under instructions from the surrogate not to disclose it. Upon receiving this information, application was made to Mr. Justice MACOMBER for the order specified in section 2487, which was duly granted, and it is that order which is sought to be vacated by this motion. That the order was properly granted can hardly be questioned, I am persuaded, unless the right to grant it is affected by the amendment to section 2505 contained in chapter 525 of the Laws of 1892. The surrogate was certainly absent from the county of Monroe, and, although such absence was temporary in its character, it was nevertheless "absence," which, prior to the adoption of this amendment, would have prevented the transaction of all business relating to the estates of decedent persons, as long as it continued, unless some other person was authorized by law to perform the duties of surrogate until his vacation terminated. It was to meet just such an emergency as this that the legislature designated the persons who were to be authorized to take the place of the surrogate while he was out of the county. By legislative permission, every surrogate is entitled to vacate his office during the month of August, but, in granting this period of relaxation, it certainly could not have been intended that all business in surrogate courts should absolutely cease, and that, however pressing the necessity, no relief whatever could be attainable for one entire month of each year. Occasions might and often do arise where the delay of a single day in the appointment of an administrator would be attended with disastrous results, and to give to the statute the construction contended for might involve many estates in absolute ruin. But it is insisted the surrogate, although absent from the county, was nevertheless authorized by law to perform the ordinary functions of his office, and to grant letters of administration upon the decedent's estate. This is doubtless true, for by the amendment of 1892, just referred to, it is provided that "the surrogate may sign decrees, letters testamentary, of administration, and guardianship, and orders, during the month of August, or such other month as he may designate for his vacation, wherever he shall be passing such vacation within the state." Chapter 525, Laws 1892. It will be observed that the language of this amendment is permissive merely, for it reads: The surrogate "may," not "must," sign certain papers while absent. Now, what is the reasonable meaning of this language? Obviously that a surrogate who is enjoying his vacation away from home does not thereby necessarily lose jurisdiction of proceedings pending in his office, nor is he prohibited from entertaining jurisdiction of such as are instituted while thus absent, but that, for the greater convenience of parties interested, the papers in any proceeding may be transmitted to the absent surrogate for his signature thereto. If, however, the surrogate is not easily accessible, or if his exact whereabouts is unknown, then, doubtless, resort may be had to the statute, which authorizes the appointment of a provisional surrogate.

It is said that, if Alvord's attorney had stated to the surrogate's clerk what was required, the papers could and would have been forwarded to the surrogate for his adjudication thereon. But, when informed that the surrogate had departed from the county, leaving instructions that his temporary abiding place should not be disclosed, it could hardly be expected that further effort to ascertain his whereabouts would be made. The information thus obtained was accompanied by a pretty strong hint that the surrogate was availing himself of his legal right to enjoy a well-earned vacation, undisturbed by official cares and annoyances. As I construe the statute, he was under no compulsion to perform any official act, although he might do so if he saw fit; and, if this construction is correct, then it follows that the creditor Alvord was under no legal obligation to send his papers on to him, even if he had known just where to send them. In other words, a special county judge, in counties where there is no such official as a special surrogate, can be designated to perform the duties of a surrogate temporarily absent from his county, although his abiding place is known at the time the designation is made. The motion to vacate is denied, with $10 costs.